IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| JENNIFER BARDRAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: |
| | ) |
| OAK HILL HEALTH AND | ) |
| REHABILITATION, LLC | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

COMES NOW the Plaintiff, JENNIFER BARDRAM ("PLAINTIFF") and files this Complaint against DEFENDANT, OAK HILL HEALTH AND REHABILITATION, LLC ("DEFENDANT") respectfully stating unto the Court the following:

## GENERAL ALLEGATIONS

1. This is a cause of action to recover compensatory and liquidated damages, attorney fees, and other relief from DEFENDANT for violations of the Fair Labor Standards Act, ("FLSA") Florida Whistle-blower Protection Act and breach of contract.

2. At all material times, PLAINTIFF was a citizen and resident of Florida.

3. At all material times, DEFENDANT was a Florida corporation that operated an assisted living facility in Spring Hill, Florida, which is where PLAINTIFF was employed at all relevant times.

## BACKGROUND

4. PLAINTIFF brings this action to require DEFENDANT to pay back wages owed to PLAINTIFF, which DEFENDANT failed to pay in violation of the Fair Labor

Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*.

5. At all relevant times, DEFENDANT acted through its officers, agents, servants and employees.

6. Upon information and belief, at all relevant times, DEFENDANT had annual gross sales in excess of $500,000.00 and two or more employees, including PLAINTIFF, who regularly handled goods that moved in or were produced for interstate commerce.

7. At all relevant times, DEFENDANT was an enterprise engaged in commerce as defined at 29 U.S.C. § 203.

8. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 29 U.S.C. § 216.

9. In or around June 2021, DEFENDANT hired PLAINTIFF to work as a staffing coordinator and DEFENDANT agreed to pay PLAINTIFF an hourly rate of $16.32. PLAINTIFF later assumed the duties of central supply coordinator in addition to those of staffing coordinator.

10. PLAINTIFF worked seven days per week for DEFENDANT. PLAINTIFF was required to start her day at 4:00 a.m. so she could answer phones and coordinate staffing. PLAINTIFF performed this role daily until 5:00 a.m. She then reported to DEFENDANT'S facility between 6:00 a.m. and 6:30 a.m. and stayed until 4:30 p.m. or 5:00 p.m. each day. She worked through her meal breaks which were automatically deducted from her pay at the rate of 30 minutes per day. PLAINTIFF also performed work for DEFENDANT in the evenings for which she was not compensated, sometimes working until as late as midnight, and she was required to be on call 24 hours a day every day she worked for DEFENDANT.

11. The FLSA requires an employer to pay its employees at a rate of at least minimum wage for all hours worked and also requires an employer to pay its employees time and one-half when they work more than 40 hours per week.

12. Despite working at the direction and knowledge of DEFENDANT, PLAINTIFF was not paid her regular rate of pay or overtime (when she worked more than 40 hours in a week) for ten to 15 hours per week which were performed off the clock.

13. Upon information and belief, DEFENDANT has, since the beginning of PLAINTIFF'S employment, willingly, deliberately, and intentionally refused to pay PLAINTIFF for ten to 15 hours per week which should have been paid at an overtime rate of pay.

14. PLAINTIFF is therefore owed compensation for time actually worked but not paid, and back wages by DEFENDANT, who willingly and knowingly withheld those wages.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

15. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

16. DEFENDANT regularly engages in commerce and its employees, including PLAINTIFF, handled and used materials, which have moved in interstate commerce.

17. At all relevant times, DEFENDANT was an employer within the meaning of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. and is subject to the provisions of the Act.

18. PLAINTIFF at all relevant times was a non-exempt employee of DEFENDANT, as defined by the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. who performed work for which she received no compensation.

19. During her employment with DEFENDANT, PLAINTIFF performed work for which

    she was not compensated properly in violation of the minimum wage and overtime provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*.

20. Upon information and belief, DEFENDANT'S pay system was unilaterally imposed upon PLAINTIFF by DEFENDANT.

21. DEFENDANT'S failure to compensate PLAINTIFF at a rate of one and one-half times her usual hourly rate when she worked overtime violates the FLSA overtime provisions and the regulations thereunder.

22. DEFENDANT'S failure to compensate properly PLAINTIFF for all compensable hours was a willful and knowing violation of the Act.

23. As a result of DEFENDANT'S willful and knowing failure to properly compensate PLAINTIFF, she has suffered substantial delay in receipt of wages owed and damages.

24. Pursuant to 29 U.S.C. §§206, 207 and 216, DEFENDANT owes PLAINTIFF time and one-half pay for unpaid overtime, and an additional equal amount as liquidated damages, together with an additional sum for attorney's fees and costs.

25. All conditions precedent to maintaining this action have occurred or otherwise been waived.

  WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover unpaid wages including overtime, liquidated damages, pre- and post-judgment interest, attorney's fees, costs of litigation and other relief by reason of DEFENDANT'S violations of the FLSA; for a trial by jury on all issues so triable; and, for such other and further relief as the Court may deem just and proper.

## COUNT II
## BREACH OF CONTRACT

26. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

27. PLAINTIFF and DEFENDANT entered into an agreement pursuant to which PLAINTIFF was to be paid $16.32 per hour for each hour she worked.

28. PLAINTIFF performed as agreed pursuant to her agreement with DEFENDANT, but DEFENDANT breached the agreement by not paying PLAINTIFF at the agreed rate for ten to 15 hours per week which should have been paid at an overtime rate.

29. As a result of DEFENDANT'S failure to pay PLAINTIFF properly, she has suffered delay in receipt of her wages and has been required to retain an attorney to help her get her pay and DEFENDANT is required to pay PLAINTIFF'S attorney's fees pursuant to Florida Statute.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover unpaid wages, nominal relief, pre- and post-judgment interest, attorney's fees, and other relief by reason of DEFENDANT'S breach of contract; for a trial by jury on all issues so triable and, for such other and further relief as the Court may deem just and proper.

## COUNT III
## FLORIDA WHISTLE-BLOWER PROTECTION ACT

30. The General Allegations and Background are hereby incorporated by reference as though fully set forth herein.

31. PLAINTIFF complained to DEFENDANT that she was not getting paid fairly.

32. PLAINTIFF also complained about DEFENDANT counting nursing hours worked as

5

        CNA hours worked so DEFENDANT could meet staffing requirements, which PLAINTIFF had a good faith belief was illegal.

33. DEFENDANT terminated PLAINTIFF in March 2022.

34. Upon information and belief, this decision to discharge PLAINTIFF was based at least in part on PLAINTIFF requesting DEFENDANT pay her what she was owed and/or on PLAINTIFF protesting DEFENDANT'S practice of misreporting nursing hours worked.

35. As a result of her termination, PLAINTIFF suffered a loss of income, humiliation and embarrassment.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover lost wages and fringe benefits, damages for mental anguish, embarrassment and humiliation, punitive damages, pre- and post-judgment interest, other compensatory damages, attorney's fees and costs of litigation, nominal damages, and other relief by reason of DEFENDANT'S violation of the FLSA's retaliation provision; for a trial by jury on all issues so triable, and, for such other and further relief as the Court may deem just and proper.

Dated:  June 10, 2021

        Respectfully submitted,

        **THE LAW OFFICE OF MATTHEW BIRK**

        **/s/ Matthew W. Birk**
        **Matthew W. Birk**
        Florida Bar No.:  92265
        309 NE 1st Street
        Gainesville, FL  32601
        (352) 244-2069
        (352) 372-3464 FAX
        mbirk@gainesvillleemploymentlaw.com
        ATTORNEYS FOR PLAINTIFF